FILED
BILLINGS, MT

2006 MAR 15  AM 10 51

PATRICK E. DUFF
IN THE UNITED STATES DISTRICT COURT   CLERK
BY
FOR THE DISTRICT OF MONTANA   DEPUTY CLERK

BILLINGS DIVISION

| | |
|---|---|
| JARVIS EDMOND CARTER, | Cause No. CV 05-160-BLG-RWA |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATION |
| | OF U.S. MAGISTRATE JUDGE |
| JOHN BOYD, sued in his | |
| individual capacity; | |
| YELLOWSTONE COUNTY, MONTANA, | |
| Defendants. | |

On November 9, 2005, Plaintiff Jarvis Carter submitted a Complaint under 42 U.S.C. § 1983 and applied to proceed *in forma pauperis*. The Application was granted in a separate order. Carter is a state prisoner proceeding *pro se*.

## I. Preliminary Screening

Pursuant to the federal statutes governing proceedings *in forma pauperis* and proceedings by prisoners, federal courts must engage in a preliminary screening of cases to assess the merits of the claims. 28 U.S.C. §§ 1915(e)(2), 1915A(a); 42 U.S.C. § 1997e(c)(1); *Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc). The court must identify cognizable claims, or dismiss

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 1

the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted, or if the complaint seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c)(1).

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend. *Lopez*, 203 F.3d at 1127. The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to *pro se* litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)). Additionally, the courts must liberally construe *pro se* pleadings. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## II. Carter's Allegations

Carter contends that, on or about March 25, 2003, the Yellowstone County Attorney's Office filed a petition to revoke his one-year deferred probationary sentence. The petition was based on information received from Carter's probation officer, Defendant

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 2

John Boyd.  On November 10, 2003, Carter pled guilty to "an array of new crimes."  Compl. (doc. 1) at 5, ¶ IV.A.1.  Without conducting a hearing to determine whether Carter had also violated the conditions of his probation, Judge Todd Baugh entered an order revoking Carter's probation on January 27, 2004.  *Id.*  Carter claims that his probation officer, the county attorney, his public defender, and the judge violated his due process rights by allowing his probation to be revoked without a hearing.  *Id.* at 5-6, ¶ IV.A.2.

As a result of the due process violation, Carter asserts, he served 266 days in jail and received numerous other charges while he was awaiting a hearing on the petition to revoke his probation. He also asserts that he has been defamed because his record shows a probation revocation and that fact has been used against him by the Parole Board and at pre-release hearings.  He also avers that he lost wages and suffered emotional and psychological distress because he was subjected to incarceration for no reason.  *Id.* at 7, ¶ V.

For his relief, Carter seeks $40,000 in damages.  *Id.* at 7-8, ¶ VI.

## III. Analysis

Carter's Complaint must be dismissed under the rule of *Heck v. Humphrey*, 512 U.S. 477 (1994).  In *Heck*, the Supreme Court held that, "in order to recover damages for allegedly unconstitutional

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 3

conviction or imprisonment, *or for other harm* caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence *has been* reversed." *Id.* at 486-87 (emphases added).

Here, Carter seeks only money damages, not release from imprisonment. However, to prevail in this action, Carter would have to prove that his federal constitutional rights were violated by the manner of his probation revocation proceedings. If he is correct, then the revocation of his probation was invalid. Under *Heck*, a federal court may not make a ruling in a § 1983 action that logically and necessarily means that a State court's criminal judgment is invalid. Consequently, Carter may proceed only by challenging his probation revocation under 28 U.S.C. § 2254.

While it appears likely that federal habeas relief is no longer available to Carter, that is not relevant. He is currently serving time in custody, so even if he has already served any term imposed on him as a result of the probation revocation, any time unconstitutionally imposed could be deducted from his other sentences. *See, e.g.*, *Cunningham v. Gates*, 312 F.3d 1148, 1153 n.3 (9th Cir. 2003) (as amended on denial of reh'g) (declining to hold that time bar against habeas relief should make relief available under 42 U.S.C. § 1983). The *Heck* rule applies and this action must be dismissed without prejudice for failure to state a claim on which relief may be granted.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 4

## RECOMMENDATION

Based on the foregoing, the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 363(b)(1)(B), **RECOMMENDS** that Carter's Complaint (doc. 1) be DISMISSED WITHOUT PREJUDICE as barred by the rule of *Heck v. Humphrey* and the docket should reflect that Carter's filing of this action counts as one strike, pursuant to 28 U.S.C. § 1915(g), for failure to state a claim on which relief may be granted.

Carter is advised that, pursuant to 28 U.S.C. § 636, any objections to these findings must be filed or delivered to prison authorities for mailing within twenty (20) calendar days after the entry date reflected on the Notice of Electronic Filing, or objection is waived.

The Clerk of Court shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon Carter at his last known address. Carter must immediately inform the Court of any change in his mailing address.

DATED this 15th day of March, 2006.

Richard W. Anderson
United States Magistrate Judge

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 5